*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1475**

Anna Marie Ashenbrenner, petitioner,
Respondent,

vs.

Commissioner of Public Safety,
Appellant.

**Filed July 21, 2014
Reversed
Hudson, Judge**

Dakota County District Court
File No. 19HA-CV-13-530

Samuel J. Edmunds, Sieben Edmunds PLLC, Mendota Heights, Minnesota (for respondent)

Lori Swanson, Attorney General, Kristi Nielsen, Assistant Attorney General, St. Paul, Minnesota (for appellant)

Considered and decided by Hudson, Presiding Judge; Halbrooks, Judge; and Smith, Judge.

**HUDSON**, Judge

Appellant Commissioner of Public Safety appeals an order suppressing respondent's urine test for Fourth Amendment violations and rescinding the revocation of respondent's driver's license. Because the totality of circumstances shows that respondent voluntarily consented to the urine test, we reverse.

## FACTS

Respondent Anna Marie Ashenbrenner was arrested for driving while impaired (DWI) after a Dakota County sheriff's sergeant responded to a call about a vehicle stuck in the snow. When they arrived at the jail, respondent was read the implied-consent advisory. She stated that she understood the advisory and asked to call an attorney. The officer assisted respondent in using her phone, and she left a message for her attorney. She then told the officer she was done with the phone and agreed to take a breath test. Respondent attempted two breath tests but both attempts were unsuccessful because she was not breathing properly into the machine. Respondent then agreed to a urine test, which showed an alcohol concentration of .29.

Appellant revoked respondent's driver's license, and respondent sought judicial review. All issues were waived except the admissibility of the urine test. The district court suppressed the urine test and rescinded the revocation of respondent's license, concluding that the test was conducted in violation of respondent's Fourth Amendment rights because a warrant had not been obtained and no exception to the warrant requirement applied. After the district court's order, the Minnesota Supreme Court

decided *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). On appeal, appellant argues that respondent voluntarily consented to the urine test.

### D E C I S I O N

Appellant argues that, based on the totality of the circumstances, respondent's consent to the urine test was free and voluntary. Both the United States Constitution and the Minnesota Constitution guarantee individuals the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. Under the Fourth Amendment, police need a warrant supported by probable cause to conduct a search unless an exception exists, such as the consent of the subject of the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043–44 (1973). A urine test is considered a search for Fourth Amendment purposes. *Brooks*, 838 N.W.2d at 568.

The district court concluded that respondent's consent was not voluntary because respondent only agreed to take the test upon the threat of criminal penalties under the implied-consent advisory. *Brooks* made clear that "a driver's decision to agree to take a test is not coerced simply because Minnesota has attached the penalty of making it a crime to refuse the test." *Id*. at 571. *Brooks* further held that a warrantless urine test is constitutional if the defendant voluntarily consents. *Id*. at 572. For the consent exception to apply, the state must "show by a preponderance of the evidence that consent was given freely and voluntarily." *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). To determine whether consent was voluntary, the totality of the circumstances must be examined "including the nature of the encounter, the kind of person the defendant is, and

3

what was said and how it was said." *State v. Harris*, 590 N.W.2d 90, 102 (Minn. 1999). When the facts are not in dispute, this court reviews the validity of a search de novo. *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004).

Respondent argues that appellant has not shown that her consent was voluntary simply because she said yes to the test. Respondent argues that the coercive nature of the implied-consent advisory is still a factor to be taken into consideration. Respondent attempts to distinguish herself from the defendant in *Brooks* by pointing out that Brooks had prior DWI offenses, was belligerent with officers, faced multiple charges in conjunction with his DWIs, and was able to speak with a lawyer. According to respondent, those facts show that the defendant in *Brooks* would not be intimidated by the "threats" in the implied-consent advisory. Here, the police report shows that respondent yelled and cussed at the officer who arrested her, kicked the officer, and kicked the police car. Respondent had two previous DWI convictions. She was also given an opportunity to contact an attorney, and after leaving a voicemail, told officers she was done using the phone. Respondent was read the implied-consent advisory in full and stated that she understood its contents. Thus, the facts are very similar to *Brooks*. There is nothing in the record to indicate that officers coerced respondent into taking the urine test, nor does she identify any coercive tactics. We conclude that respondent's consent to the test was voluntary under the totality of the circumstances and the district court's suppression of the urine test must be reversed. Accordingly, the rescission of the revocation of respondent's driver's license must also be reversed. Because we conclude

4

that respondent consented to the test, we do not reach the parties' arguments related to the constitutionality of Minnesota's implied-consent laws.

**Reversed.**